IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2010

## OSCAR C. WELLS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court of Tennessee for Shelby County**
**No. 01-03299      James M. Lammey, Judge**

---

**W2009-02231-CCA-R3-PC  - Filed September 15, 2010**

---

The petitioner, Oscar C. Wells, was convicted of first degree murder and especially aggravated robbery, a Class A felony.  The petitioner filed a petition for post-conviction relief, claiming ineffective assistance of counsel.  Following an evidentiary hearing, the post-conviction court denied relief.  The petitioner now appeals, and, following careful review, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Brett B. Stein, Memphis, Tennessee, for the appellant, Oscar C. Wells.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 14, 2000, the petitioner and an accomplice followed Iginio Rodriguez into a wooded area between two apartment complexes, where they robbed and killed him. On October 8, 2000, the petitioner was arrested without a warrant.  Approximately nine hours later, he gave a confession to police.  The petitioner was convicted in Shelby County Criminal Court of first degree murder and especially aggravated robbery.  He was sentenced to life imprisonment for first degree murder and to a consecutive ten-year term for aggravated robbery.  The petitioner appealed, challenging his arrest without a warrant and the trial court's failure to suppress his confession.  This court affirmed the convictions and sentences.

The petitioner, proceeding *pro se*, filed a petition for post-conviction relief, which was summarily dismissed as untimely. On appeal, this court found that "[t]he record before us raises [a] factual issue of whether the appellant timely filed a petition for post-conviction relief on February 4, 2005." *Oscar C. Wells* v. *State*, No. 2005-01337-CCA-R3-PC, 2006 WL 1044085 at *2 (Tenn. Crim. App. at Jackson, April 19, 2006) (unpublished). This court vacated and remanded the case to the trial court for an evidentiary hearing on the timeliness issue and on the merits, if necessary. *See id.*

On remand, the post-conviction court found that the petition was timely filed and held a hearing on June 30, 2009, to address the merits of the petitioner's ineffective assistance of counsel claim. The petitioner, now represented by a court-appointed attorney, argued that trial counsel was deficient in failing to raise a challenge to his confession based on *State* v. *Huddleston*, 924 S.W.2d 666, 672 (Tenn. 1996) (suppressing defendant's confession under the Fourth Amendment when the confession was given after an unreasonable period of time had passed between the defendant's arrest and a probable cause determination). The petitioner took the stand, as did his trial counsel. The petitioner testified that he felt his trial counsel should have represented him better and that his trial counsel could have done a better job of getting his confession suppressed if he had raised more than one issue in his motion to suppress. The petitioner's trial counsel, in turn, testified that he had challenged the petitioner's confession and tried to have it suppressed on the grounds of *Miranda v. Arizona,* 384 U.S. 436, 457 (1966) (holding that when a suspect invokes his right to counsel or remain silent, police must cease questioning until counsel is present or an ensuing confession will be deemed involuntary). The petitioner's trial counsel explained that, while he had urged the trial court that the petitioner's confession was given involuntarily, he did not specifically reference *Huddleston*. After reviewing all the evidence, the post-conviction court found that petitioner had failed to show that trial counsel committed any errors and held that the trial counsel's performance did not fall below any objective standard of reasonableness.

The petitioner now appeals, claiming that he was denied effective assistance of counsel because his trial counsel failed to raise the issue that his confession should have been suppressed under *Huddleston*. After careful consideration, we reject these arguments and affirm the judgment below.

Analysis

The brief filed by the petitioner's court-appointed counsel is remarkable for its brevity; it consists in its entirety of two sentences, neither of which discusses the *Huddleston* case (which, as the caption reveals, is the basis of the petitioner's ineffective assistance claim) or the application of that case to the facts at hand. The failure of the petitioner's post-

conviction counsel to provide even the most minimal discussion of the law or its application to the case at bar more than amply invites the State's argument that the petitioner has waived the claim by failing to present proper argument. *See* Tenn. R. Crim. App. 10(b)*; State* v. *Darrell Franklin*, No. W2007-02772-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 4, *41 (Tenn. Crim. App. at Jackson, Jan. 5, 2009) (holding defendant's "cumulative error" due process argument waived where the defendant failed to offer any argument in support of his contention).

The irony of affirming the petitioner's convictions against an ineffective assistance of counsel claim based solely on the failings of his post-conviction counsel is not lost on us. However, and so in an effort to afford the petitioner process that is not just due, but fair, we have scoured the record and reviewed the cases in order to see if we can discern any merit to his claim. We cannot. After reviewing the record, it seems clear that even if the petitioner's counsel had challenged his confession under *Huddleston*, that challenge was not likely to succeed, and, consequently, the petitioner cannot make the showing of prejudice that is necessary to prevail on an ineffective assistance of counsel claim.

In order to obtain relief for ineffective assistance of counsel, a petitioner must prove by clear and convincing evidence that his counsel's performance was deficient and that this deficient performance prejudiced his defense. *See, e.g.,* T.C.A. § 40-30-110(f) (2010); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice from his counsel's errors, a petitioner must show that a reasonable probability exists that, absent the alleged errors, a different result would have been obtained. *See Owens* v. *State*, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999). In this case, however, it appears likely that even if the petitioner's trial counsel had expressly challenged his confession under the Fourth Amendment standards established in *Huddleston*, the motion to suppress would have failed.

In *Huddleston*, 924 S.W.2d at 671-72, the Tennessee Supreme Court applied the Fourth Amendment exclusionary rule to suppress a confession obtained by police after exposing the defendant to a prolonged restraint of liberty following his arrest without a warrant. In order to determine whether the defendant's extended restraint violated the Fourth Amendment, the court applied the standard for examining such extended restraints established by the United States Supreme Court in *County of Riverside* v. *McLaughlin*, 500 U.S. 44, 56 (1991). In that case, the Supreme Court explained that "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the [Fourth Amendment's] promptness requirement." *Id.* However, if no judicial determination occurs within 48 hours, "the burden shifts to the government to demonstrate the existence of a *bona fide* emergency or other extraordinary circumstance." *Id*. at 57. Applying this standard to the defendant in *Huddleston*, who had been held for more than seventy-two hours without a judicial determination of probable cause, the Tennessee Supreme Court easily determined

that the burden shifted to the government, which offered no evidence of any extraordinary circumstance justifying the prolonged delay.

However, it appears that, in the case before us, approximately only nine hours passed between the petitioner's arrest without a warrant and his confession and subsequent processing. Consequently, even if the petitioner's trial counsel had raised the *Huddleston* issue in his motion to suppress, the trial judge would have been compelled to find that the probable cause determination passed the *prima facie Huddleston* test for complying with the Fourth Amendment's promptness requirement. In order to prevail, the petitioner would have been required to show that the government delayed the probable cause hearing for unreasonable purposes, such as out of ill will or to gather additional evidence. *McLaughlin*, 500 U.S. 56-57. In the record, there is no evidence of any such unreasonable purpose. Consequently, we are forced to conclude that the trial court would most likely have denied the petitioner's putative *McLaughlin* claim.

When, for *Strickland* purposes, the petitioner's alleged deficient conduct is that his counsel failed to raise a claim that would mostly likely have been denied in any event, it is clear that the petitioner has failed to demonstrate prejudice to his defense. Therefore, the post-conviction court did not err in denying the petitioner's request for relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE